UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL EDWARDS | : | |
| | : | PRISONER |
| v. | : | Case No. 3:97CV2410(CFD) |
| | : | |
| JOHN TARASCIO, et al. | : | |

### RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On February 7, 2005, the Second Circuit Court of Appeals issued a Mandate vacating this court's February 2000 Ruling granting the defendants' motion to dismiss and the judgment entered pursuant to that ruling and remanded the matter for the court to determine whether plaintiff had satisfied the requirement that he exhaust his administrative remedies before filing suit in light of its decisions in Abney v. McGinnis, 380 F.3d 663 (2d Cir. 2004); Giano v. Goord, 380 F.3d 670 (2d Cir. 2004); Hemphill v. State of New York, 380 F.3d 680 (2d Cir. 2004); Johnson v. Testman, 380 F.3d 691 (2d Cir. 2004) and Ortiz v. McBride, 380 F.3d 649 (2d Cir. 2004). (See doc. # 63.)   On June 1, 2005, the court issued an order permitting the defendants thirty days to file a motion for summary judgment to address the exhaustion issue as explained in the Mandate.   The defendants have chosen not to file a motion for summary judgment. Although the court did not grant the plaintiff permission to file a motion for summary judgment, he has done so.  The plaintiff argues that he should be excused from exhausting his administrative remedies because the defendants failed to respond to his grievance, he could not recover monetary damages through the grievance process and it was not clear from the administrative directive governing the grievance procedures that he must exhaust his remedies

prior to filing suit.  He concludes that he is entitled to summary judgment.  The plaintiff's motion is deficient in several respects.

First, Rule 56(a), D. Conn. L. Civ. R., requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."  Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.  The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)1 Statement.  This specific citation requirement applies to pro se litigants as well as to attorneys.  Rule 56(a)4 also requires that the movant file a memorandum in support of his motion.

The plaintiff has not complied with any of these requirements.  He has not filed a memorandum or Local Rule 56(a)1 statement in support of his motion.   The plaintiff's Motion for Summary Judgment [**Dkt. #66**] is **DENIED** for failure to comply with court rules.  The case shall be set down for trial.  The Clerk shall make reasonable efforts to find pro bono counsel to represent the plaintiff.

SO ORDERED this 5th  day of December, 2005, at Hartford, Connecticut.

    /s/ CFD
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE